**DEPARTMENT OF JUSTICE**

**THOMAS E. JOHNSTON**
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF WEST VIRGINIA

P. O. Box 591
WHEELING, WV 26003

(304) 234-0100
(304) 234-0110 FAX (MAIN) ❖ (304) 234-0111 FAX (CRIMINAL)
(304) 234-0112 FAX (CIVIL)

CLARKSBURG FEDERAL CENTER
320 WEST PIKE STREET, SUITE 300
CLARKSBURG, WV 26301-2710
(304) 623-7030   (304) 623-7031 FAX

P. O. BOX 190
ELKINS, WV 26241
(304) 636-1739   (304) 636-1967 FAX

♦♦♦♦

U. S. COURTHOUSE
217 W. KING STREET, SUITE 400
MARTINSBURG, WV 25401-3286
(304) 262-0590   (304) 262-0591 FAX

November 18, 2005

David A. Jividen, Esq.
729 North Main St.
Wheeling, WV 26003

U.S. DISTRICT COURT
FILED AT WHEELING, WV
MAY 1 9 2006
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

In re:   *United States v. Arrow Sales, Inc.*
         5:06-CR-9

Dear Mr. Jividen,

This will confirm conversations with you concerning your client, Arrow Sales, Inc., (hereinafter referred to as "Defendant").

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission ("U.S.S.G."), effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Defendant will waive the right to have this case presented to a Federal Grand Jury and will plead guilty to an Information which will be filed in this District by the United States Attorney. Defendant acknowledges that it has fulfilled any legal requirements necessary to enable the President to enter this plea and further understands that this agreement reflects the specific facts of this case and is not intended as precedent for other cases.

2. Defendant will plead guilty to one count of Bank Fraud, in violation of Title 18, United States Code, Section 1344. By virtue of Defendant's guilty plea, it acknowledges that the criminal actions of its agents and employees occurred within the scope of their duties and employment and was further intended, at least in part, to benefit the corporation.

_____
Arrow Sales, Inc. Defendant
by Jon Marhefka, President

12-22-05
Date Signed

_____
David A. Jividen, Esq.
Counsel for Arrow Sales, Inc.

12-22-05
Date Signed

David A. Jividen, Esq.
November 18, 2005
Page 2

    3. The penalties to which Defendant will be exposed by virtue of the plea of guilty, as stated in paragraph 2 above, is a maximum of five (5) years probation, and a fine of $1,000,000. Defendant is also subject to the alternative fine provision set forth in 18 U.S.C. §3571. The Court may impose a term of probation that includes as a condition the payment of restitution for the full amount of victims' loss, if that loss is ascertainable. U.S.S.G. §§ 8B1.1, 8D1.1 and 8D1.4. The payment of such fine or restitution is subject to the ability of Defendant to pay. (See Guidelines 8C2.2, 8C3.3 and 8B1.1(b)(2)). Other conditions my include requiring Defendant to remedy the harm caused by the offense and to eliminate or reduce the risk that the instant offense will cause future harm, and community service. (Guidelines 8B1.2(a) and 8B1.3). There is also a mandatory special assessment of $400.00 (18 U.S.C. §3013), which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

    4. Defendant will be completely forthright and truthful with Federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made and will give signed, sworn statements and grand jury and trial testimony where requested.

    5. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 4, will be used against it as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to U.S.S.G. §1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range. However, this agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 4 above.

    6. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

    7. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes a <u>nonbinding</u> recommendation by the United States, pursuant to Rule

_____      12-22-05
Arrow Sales, Inc., Defendant     Date Signed
Jon Marhefka, President

_____      12-22-05
David A. Jividen, Esq.     Date Signed
Counsel for Arrow Sales, Inc.

David A. Jividen, Esq.
November 18, 2005
Page 3

11(e)(1)(B); however, Defendant understands that the Court is <u>not</u> bound by this sentence recommendation, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendation set forth in this plea agreement.

    8. Provided Defendant pays the $400.00 special assessment fee on or before the day of sentencing, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, Defendant accepts responsibility, and the U.S. Probation Office recommends a reduction for "acceptance of responsibility," as provided by U.S.S.G. § §8C2.5(g), the United States will concur in the recommendation provided Defendant gives timely notice of its intent to plead guilty, and comply with all the requirements of this agreement, by signing and returning it to the United States by ~~Tuesday, November 29, 2005,~~ ~~at 5:00 p.m~~; and 2) that any fine imposed should be at the lower end of the guideline range. 

    9. If in the opinion of the United States, Defendant either engages in conduct defined under the Application Notes 4(a) through (j) of U.S.S.G. § 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and Defendant will not have the right to withdraw the plea.

    10. Pursuant to U.S.S.G. Sections 6B1.4, 1B1.3 and 2B1.1, the parties hereby stipulate and agree that the total relevant conduct of Defendant is between $ 400,000.00 and $1,000,000.00, and is premised upon the review of fraudulent loan transactions reviewed to date. The parties further stipulate that pursuant to Guideline 8C2.5(b)(5), Defendant had ten or more employees and an individual with substantial authority participated in, condoned or was willfully ignorant of the offense. The parties further stipulate that pursuant to the rebuttable presumption contained in Guideline 8C2.5(f)(3), no effective compliance and ethics program was in place at the time of the offense. There are no other agreement or stipulations as to any other relevant conduct or specific offense characteristics, and the parties agree that all other sentencing determinations will be resolved by the Court. Defendant further understands that pursuant to U.S.S.G. § 6B1.4(d), the Court is not bound by these stipulations and is not required to accept same and understands and agrees that should the Court not accept the above stipulation, Defendant will have no right to withdraw the plea.

    11. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. Defendant also waives the

_____       12.22.05
Arrow Sales, Inc., Defendant      Date Signed
Jon Marhefka, President

_____      12-22-05
David A. Jividen, Esq.      Date Signed
Counsel for Arrow Sales, Inc.

David A. Jividen, Esq.
November 18, 2005
Page 4

right to challenge the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. United States waives the right to appeal Defendant's sentence. The parties have the right during any appeal to argue in support of the sentence. Defendant waives any right to have facts that determine the offense level (including facts supporting specific offense characteristics or other adjustments) alleged in an indictment or information and agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made to the Court, by Defendant or its counsel.

13. If Defendant's plea is not accepted by the Court or is later set aside or if Defendant breaches any part of this agreement, the Office of the United States Attorney will have the right to void this agreement.

14. The above thirteen (13) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,

THOMAS E. JOHNSTON
United States Attorney

By: *[signature]*
Sharon L. Potter
Assistant United States Attorney

_____
Arrow Sales, Inc., Defendant
Jon Marhefka, President

_____
David A. Jividen, Esq.
Counsel for Arrow Sales, Inc.

12-22-05
Date Signed

12-22-05
Date Signed